[No. 17030-2-II.   Division Two.   June 14, 1995.]

THE STATE OF WASHINGTON, *Petitioner*, v. SHANNON WILHELM, *Respondent*.

*Bernardean Broadous, Thurston County Prosecutor's Office,* for petitioner.

*Linda Jeanne Whitt,* for respondent.

HOUGHTON, J. — Shannon Wilhelm was charged in District Court with driving while intoxicated (DWI) after an officer found him behind the wheel of a vehicle stopped on the inside shoulder of I-5. Wilhelm appeared intoxicated and smelled of alcohol. After he failed field sobriety tests, he refused a breath test. The District Court dismissed the charges, reasoning the State could not establish a prima facie DWI case absent a breath test or evidence that Wilhelm's driving was affected. Because we cannot say as a matter of law the evidence is insufficient to show Wilhelm was driving under the influence, we reverse and remand.

Wilhelm was arrested and charged with DWI on May 17, 1992. He attempted to plead guilty on July 14, 1992, but a District Court judge refused to accept the guilty plea. At a *Knapstad*[1] hearing held the following day, the District Court dismissed the matter on the ground that the State failed to demonstrate a prima facie case.

---

[1]*State v. Knapstad,* 107 Wn.2d 346, 729 P.2d 48 (1986) (trial court has inherent authority to dismiss charges prior to trial when State cannot show prima facie case of guilt).

On appeal from a stipulated record, the Superior Court affirmed the District Court dismissal. Upon the State's motion to clarify, the Superior Court entered "Findings of Fact and Conclusions of Law" supporting the decision, and remanded the case to the District Court for dismissal of the charges. We granted discretionary review.

On appeal to the Superior Court, the parties stipulated to the following facts:

1. That the defendant was cited for DWI, on May 17, 1992.

2. That a motion to dismiss was heard on July 15, 1992.

3. At the hearing it was stated to the Court that the State would prove that the trooper observed the defendant's vehicle was inside the shoulder of I-5. The defendant was behind the wheel. He told the trooper he pulled over because the car was overheated. There was a strong odor of intoxicants on the defendant's breath. His eyes were watery and blood shot. The officer had him perform field sobriety tests. He failed them. His coordination was unsteady and he was off balance. His speech was slurred. The breath test was refused.

4. The District Court dismissed the case. It's [sic] rationale was that there must be proof of what the actual driving was like. Because the officer did not actually see the driving, he was not in a position to determine what the driving was actually like and therefore, whether the driving was affected by what he had to drink.

The Superior Court entered the following findings of fact and conclusions of law:

## FINDINGS OF FACT

The court finds substantial evidence, based on the stipulation, to support each and every fact contained in the Stipulated Record.

## CONCLUSIONS OF LAW

This court concludes as a matter of law that:

1. This court has jurisdiction to hear this matter.

2. That [sic] the state must prove that actual driving was affected in any appreciable degree, in order to obtain a

conviction for Driving While Under the Influence of Intoxicating Liquor, unless there is a. breath test. If there is no breath test, the actual driving must be observed and there must be physical evidence of the actual driving pattern.

3. In this case, even though there was evidence, based on circumstances and the defendant's admissions,[2] to prove he was driving, and even though there was evidence to prove he was under the influence of intoxicants, the state did not have sufficient evidence to proceed to trial because no one saw the driving.

4. Because of that, the district court properly dismissed the case.

5. For those reasons, the dismissal should be affirmed and the case remanded for dismissal.

The Superior Court also signed an order of remand for dismissal.

■ The State contends that the District Court erred in dismissing the DWI charge and that the Superior Court erred in affirming the dismissal based upon its conclusion "the state did not have sufficient evidence to proceed to trial because no one saw the driving". We will uphold a trial court's dismissal of an information pursuant to *Knapstad*[3] if no rational factfinder could have found beyond a reasonable doubt the essential elements of the crime. *State v. Johnson*, 66 Wn. App. 297, 298-99, 831 P.2d 1137 (1992); *see also State v. Olson*, 73 Wn. App. 348, 357 n.6, 869 P.2d 110, *review denied*, 124 Wn.2d 1029 (1994) (noting similarity between standards of review for *Knapstad* motion and challenge to the sufficiency of the evidence).

At the time of Wilhelm's indictment, former RCW 46.61.502 (Laws of 1987, ch. 373, § 2) read in relevant part:

---

[2]Although the trial court considered Wilhelm's admission in its conclusions of law, we do not. *See State v. Hamrich*, 19 Wn. App. 417, 576 P.2d 912 (1978) (under "corpus delicti" analysis, admission inadmissible absent sufficient evidence of driving under the influence); *see infra* n.4.

[3]We assume without deciding the *Knapstad* procedure is proper in district court proceedings; the parties do not raise the issue. *But cf. State v. Brown*, 64 Wn. App. 606, 825 P.2d 350, (*Knapstad* inapplicable to dismissal of "aggravation of penalty" factors prior to murder trial), *review denied*, 119 Wn.2d 1009 (1992).

> A person is guilty of driving while under the influence of intoxicating liquor . . . if the person drives a vehicle within this state while:
>
> . . ..
>
> (3) The person is under the influence of or affected by intoxicating liquor . . ..

Elementally, under this statute the State must prove (1) Wilhelm (2) was driving a vehicle in this state (3) while intoxicated. We must determine whether any rational factfinder could find these essential elements beyond a reasonable doubt.[4] That is, whether such a factfinder could form an abiding belief that Wilhelm was driving under the influence "after fully, fairly and carefully considering all of the evidence or lack of evidence". *See State v. Mabry*, 51 Wn. App. 24, 25, 751 P.2d 882 (1988); *see also State v. Tanzymore*, 54 Wn.2d 290, 291 n.2, 340 P.2d 178 (1959); WPIC 4.01.

We are mindful that two competent judges have already ruled these elements could not be satisfied. Nevertheless, we find sufficient circumstantial evidence of Wilhelm's driving: Wilhelm was found behind the wheel of a car stopped on the inside shoulder of I-5, not stopped on a quiet residential street or in a parking lot, and not standing outside the vehicle[5]. A factfinder could reasonably infer Wilhelm drove to this location absent contrary evidence.

Strong circumstantial evidence also indicates Wilhelm was "intoxicated by liquor" when he refused the breath test: His eyes were watery and bloodshot; his breath smelled of alcohol; he failed a field sobriety test; his

---

[4]In *Hamrick*, 19 Wn. App. at 418-19, this court analyzed a similar question under the "corpus delicti" rule, inquiring whether sufficient evidence was adduced to "support a logical and reasonable deduction" of the essential elements. The parties neither cite nor discuss *Hamrick;* because we find sufficient evidence under the more stringent beyond a reasonable doubt standard, we need not address *Hamrick*.

[5]*See, e.g., Bremerton v. Corbett*, 106 Wn.2d 569, 579-80, 723 P.2d 1135 (1986); *McGuire v. Seattle*, 31 Wn. App. 438, 642 P.2d 765, *review denied*, 98 Wn.2d 1017 (1983); *State v. Hamrick, supra.*

coordination was unsteady and he was off balance; and his speech was slurred. This evidence supports a reasonable inference of intoxication.[6]

Thus, a reasonable factfinder could conclude Wilhelm was driving under the influence in these circumstances. The District and Superior Courts questioned whether Wilhelm's driving was affected by his intoxication. We hold, however, that RCW 46.61.502 is violated if the evidence is sufficient for the factfinder to infer that the ability to handle an automobile was lessened in an appreciable degree by the consumption of intoxicants or drugs. We cannot say as a matter of law that the evidence here is insufficient and therefore we reverse and remand to the District Court.

SEINFELD, C.J., and ALEXANDER, J. Pro Tem., concur.

---

[6]*Cf. State v. Woolbright*, 57 Wn. App. 697, 701, 789 P.2d 815 (1990) ("chemical tests are neither necessary nor required to prove intoxication" (Citation omitted.)).