128 P.3d 146 (2006)
STATE of Washington, Appellant,
v.
Jose Angel ORTEGA, Sr., Respondent and Cross-Appellant.
No. 21538-5-III.
Court of Appeals of Washington, Division Three, Panel Three.
February 9, 2006.
Reconsideration Denied March 23, 2006.
*147 Steven M. Lowe, Frank W. Jenny, Attorneys at Law, Pasco, WA, for Appellant.
James E. Egan, Attorney at Law, Kennewick, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 In July 2002, Jose Ortega pleaded guilty to one count of first degree child molestation of his granddaughter. At sentencing, the presentence investigation revealed that he had a 1991 Texas conviction for indecency with a child. Arguing that the current offense was a second strike, the State sought a sentence of life without the possibility of parole pursuant to the Persistent Offender Accountability Act (POAA). RCW 9.94A.570. The trial court found that the Texas victim's age had not been established beyond a reasonable doubt. Applying Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the trial court also refused to consider evidence of the Texas victim's age.
¶ 2 On appeal, the State challenged the trial court's refusal to impose a life sentence pursuant to POAA. Mr. Ortega cross-appealed his exceptional sentence. This court affirmed in an opinion published in part. State v. Ortega, 120 Wash.App. 165, 84 P.3d 935 (2004), review granted in part and remanded, 154 Wash.2d 1031, 119 P.3d 852 (2005). Both the State and Mr. Ortega filed petitions for review to the Washington Supreme Court. In an order filed August 24, 2005, the Supreme Court denied the State's petition for review and granted Mr. Ortega's petition for review solely on the issue of sentencing.[1] The case was then remanded to this court for further consideration in light of State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005). We vacate Mr. Ortega's exceptional sentence and remand for resentencing.

DISCUSSION
¶ 3 The trial court imposed an exceptional sentence based on the following aggravating factors: (1) deliberate cruelty; (2) particular vulnerability, because the victim was molested in her sleep; (3) abuse of a position of trust; (4) an ongoing pattern of sexual abuse of a victim under the age of 18, manifested by multiple incidents over a prolonged period of time; and (5) domestic violence with multiple incidents of sexual abuse over a prolonged period of time. Former RCW 9.94A.535(2) (2001); former RCW 10.99.020(3) (2000). Because each of these aggravating factors requires findings of fact that were not proved beyond reasonable doubt to a jury, Mr. Ortega's exceptional sentence cannot stand. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi, 530 U.S. 466, 120 S.Ct. 2348; Hughes, 154 Wash.2d 118, 110 P.3d 192.
¶ 4 In Apprendi, 530 U.S. at 490, 120 S.Ct. 2348, the United States Supreme Court held that any factother than the fact of a prior convictionthat increases the penalty for a crime beyond the statutory maximum must be proved to a jury beyond a reasonable doubt. Blakely, 124 S.Ct. at 2537, clarified that the statutory maximum is the maximum a court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Emphasis omitted.) Consequently, any aggravating factor that requires the court to find facts not based on prior convictions violates Blakely. Hughes, 154 Wash.2d at 134, 110 P.3d 192.
¶ 5 As indicated in Hughes, 154 Wash.2d at 136, 110 P.3d 192, certain aggravating factors found by a judge clearly violate the defendant's Sixth Amendment right to a jury trial as defined by Blakely: the factors of a particularly vulnerable victim, an ongoing pattern of sexual abuse, and the use of a position of trust to commit the offenses. Blakely, 124 S.Ct. at 2537, held that the aggravating factor of deliberate cruelty must either be admitted by the defendant or found *148 by a jury. Each of these factors was found by Mr. Ortega's sentencing court to support his exceptional sentence, and each violates the express terms of Blakely. Hughes, 154 Wash.2d at 136, 110 P.3d 192.
¶ 6 The remaining aggravating factor found by the sentencing court was domestic violence with multiple incidents of sexual abuse over a prolonged period of time, former RCW 10.99.020(3) and former RCW 9.94A.535(2)(h)(i), (iii). Although no published Washington case has expressly ruled on this issue, it is clear that a finding of domestic violence with prolonged sexual abuse involves facts that must be admitted by the defendant or proved to a jury beyond reasonable doubt to satisfy Blakely. Mr. Ortega did not admit these facts or any of the other facts that would support the aggravating factors. Accordingly, each of the aggravating factors found by the trial court to support Mr. Ortega's exceptional sentence is invalid.
¶ 7 Sentence vacated; remanded for resentencing.
WE CONCUR: SWEENEY, A.C.J., and BROWN, J.
NOTES
[1] The portion of this court's opinion that discussed Mr. Ortega's exceptional sentence was unpublished.