FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 16

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | |
| Respondent, | | No. 43717-1-II |
| v. | | |
| RAYMOND UWE ARNDT, JR., | | PUBLISHED OPINION |
| Appellant. | | |

MAXA, J. — Raymond Arndt, Jr. appeals his sentence following his conviction for vehicular assault. He asserts that the sentencing court sentenced him based on an inflated offender score because the court erroneously included points for five prior Oregon convictions. We hold that the State met its burden to prove that the Oregon conviction for unauthorized use of a vehicle was comparable to a Washington offense. However, we hold that the State failed to prove that Arndt's Oregon convictions for attempted second degree assault, driving while under the influence of intoxicants (DUII), and third degree rape were legally or factually comparable to Washington offenses. Therefore, the sentencing court should not have included the Oregon attempted second degree assault, DUII, and third degree rape convictions in Arndt's offender score. Accordingly, we remand for resentencing.

## FACTS

Arndt pleaded guilty to one count of vehicular assault, but he disputed the State's computation of his offender score at sentencing. Specifically, he argued that five prior Oregon convictions – attempted second degree assault, unauthorized use of a vehicle, DUII (two), and third degree rape – should not be included in his offender score because the State failed to prove comparability. The sentencing court performed a legal and factual comparison on the record and found that the Oregon convictions at issue were comparable to Washington offenses, which resulted in an offender score of 8. The sentencing court sentenced Arndt to a mid-range sentence of 62 months. Arndt appeals his sentence.

## ANALYSIS

### A.    USE OF PRIOR CONVICTIONS IN OFFENDER SCORE

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the sentencing court uses the defendant's prior convictions to determine an offender score, which along with the " 'seriousness level' " of the current offense establishes his or her presumptive standard sentencing range. *State v. Ford*, 137 Wn.2d 472, 479, 973 P.2d 452 (1999) (quoting *State v. Wiley*, 124 Wn.2d 679, 682, 880 P.2d 983 (1994)). We review a sentencing court's calculation of an offender score de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

The State must prove the existence of prior felony convictions[1] used to calculate an offender score by a preponderance of the evidence. *Ford*, 137 Wn.2d at 479-80; *see also* RCW

---

[1] Generally, only felonies are included in the offender score. *State v. Larkins*, 147 Wn. App. 858, 862-63 & n.7, 199 P.3d 441 (2008). But where the current conviction is for a felony traffic offense, a sentencing court may include serious misdemeanor traffic offenses, such as driving under the influence in the offender score. *Larkins*, 147 Wn. App. at 862-63 & n.7; *see* RCW 9.94A.525(11).

2

No. 43717-1-II

9.94A.500(1). If the convictions are from another jurisdiction, the State also must prove that the conviction would be a felony under Washington law. *Ford*, 137 Wn.2d at 480. "The existence of a prior conviction is a question of fact."[2] *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 566, 243 P.3d 540 (2010).

Where the defendant's offenses resulted in out-of-state convictions, RCW 9.94A.525(3) provides that such offenses "shall be classified according to the comparable offense definitions and sentences provided by Washington law." This statute requires the sentencing court to make a factual determination of whether the out-of-state conviction is comparable to a Washington conviction. *State v. Morley*, 134 Wn.2d 588, 601, 952 P.2d 167 (1998) (citing former 9.94A.360 (1996), recodified as RCW 9.94A.525 by LAWS OF 2001, ch. 10, § 6). Only if the convictions are comparable can the out-of-state conviction be included in the offender score. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007).

Our Supreme Court has adopted a two-part analysis for determining whether an out-of-state conviction is comparable to a Washington conviction. *Thiefault*, 160 Wn.2d at 414-15. First, the sentencing court determines whether the offenses are *legally* comparable – whether the elements of the out-of-state offense are substantially similar to the elements of the Washington offense. *Thiefault*, 160 Wn.2d at 415. If the elements of the out-of-state offense are broader

---

[2] Arndt does not challenge the existence and felony classification of his Oregon convictions. And the State presented certified copies of the judgment of each of those convictions. Accordingly, the State proved their existence by a preponderance of the evidence.

3

than the elements of the Washington offense, they are not legally comparable.[3] *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005).

Second, even if the offenses are not legally comparable, the sentencing court can still include the out-of-state conviction in the offender score if the offense is *factually* comparable. *Thiefault*, 160 Wn.2d at 415; *Lavery*, 154 Wn.2d at 255. Determining factual comparability involves analyzing whether the defendant's conduct underlying the out-of-state conviction would have violated the comparable Washington statute. *Thiefault*, 160 Wn.2d at 415. The sentencing court may "look at the defendant's conduct, as evidenced by the indictment or information, to determine if the conduct itself would have violated a comparable Washington statute." *Lavery*, 154 Wn.2d at 255. In making this factual comparison, the sentencing court may rely on facts in the out-of-state record only if they are admitted, stipulated to, or proved beyond a reasonable doubt. *Thiefault*, 160 Wn.2d at 415. But the elements of the charged crime must remain the cornerstone of this inquiry because " '[f]acts or allegations contained in the record, if not directly related to the elements of the charged crime, may not have been sufficiently proven in the trial.' " *Lavery*, 154 Wn.2d at 255 (quoting *Morley*, 134 Wn.2d at 606).

In the factual comparability analysis, the sentencing court is not allowed to consider evidence not presented in the out-of-state proceeding. The facts must be admitted or proved beyond a reasonable doubt *in the out-of-state conviction. Lavery*, 154 Wn.2d at 258. For example, in *State v. Ortega*, the issue was whether a prior Texas conviction for second degree indecency with a child, which required the child victim to be under 17 years old, was comparable to a Washington offense that required the child victim be under 12 years old. 120 Wn. App. 165,

---

[3] We use the elements of the Washington offenses in effect at the time the out-of-state crime was committed in our analysis. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005).

No. 43717-1-II

168-69, 173-74, 84 P.3d 935 (2004), *vacated on remand*, 131 Wn. App. 591, 128 P.3d 146 (2006). At sentencing, the State offered testimony of a Texas official and the Texas indictment, judgment, and police reports to establish that the Texas victim was 10 years old. *Ortega*, 120 Wn. App. at 168, 173-74. The defendant submitted letters from the Texas victim and her mother urging the court to provide the defendant counseling; additionally the letters stated that the Texas victim was 10 years old when the offense occurred. *Ortega*, 120 Wn. App. at 173-74. Applying *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the sentencing court refused to consider the evidence of the victim's age because the victim's age was not proven at the Texas trial. *Ortega*, 120 Wn. App. at 169, 174. Division Three of this court affirmed and held that "*Apprendi* prohibits a sentencing court's consideration of the underlying facts of a prior conviction if those facts were not found by the trier of fact beyond a reasonable doubt." *Ortega*, 120 Wn. App. at 174.

If an out-of-state conviction involves an offense that is neither legally or factually comparable to a Washington offense, the sentencing court may not include the conviction in the defendant's offender score. *Thiefault*, 160 Wn.2d at 415.

B.     COMPARABILITY OF OREGON CONVICTIONS

Arndt argues that the sentencing court erred in classifying five Oregon convictions as comparable to Washington offenses and including them in his offender score calculation. We hold that the Oregon unauthorized use of a vehicle conviction is comparable to a Washington conviction, but that the Oregon attempted second degree assault, DUII, and third degree rape convictions are not.

5

### 1. Unauthorized Use of Vehicle Conviction

Arndt was convicted of unauthorized use of a vehicle in Oregon based on an incident that occurred in 1998. At sentencing, the State conceded that the Oregon and Washington offenses were not legally comparable. *See State v. Jackson*, 129 Wn. App. 95, 107-08, 117 P.3d 1182 (2005) (holding that Oregon's former unauthorized use of a vehicle offense was not legally comparable to Washington's taking a motor vehicle without permission offense because the former Oregon statute prohibited a broader range of activity than the former Washington statute).[4] But the sentencing court performed a factual comparability analysis and determined that Arndt's conduct would have violated the former Washington statute. In his statement of additional grounds for review, Arndt argues that the State did not prove that his conduct met the intent element required by the former Washington statute. We disagree.

The former Washington statute for taking a motor vehicle without permission requires (1) intentionally taking or driving away a motor vehicle without permission of the owner or person entitled to the possession thereof or (2) voluntarily riding in a motor vehicle with knowledge that it was unlawfully taken. Former RCW 9A.56.070 (1975); *see Jackson*, 129 Wn. App. at 108. In his guilty plea, Arndt admitted that he drove a vehicle he had stolen. A sentencing court properly can consider facts conceded by the defendant in a guilty plea as an admitted fact. *Thiefault*, 160 Wn.2d at 415; *see State v. Tewee*, 176 Wn. App. 964, 970, 309 P.3d 791 (2013) (considering admission in guilty plea), *petition for review filed*, No. 89446-9 (Wash. Oct. 23, 2013); *State v. Bunting*, 115 Wn. App. 135, 143, 61 P.3d 375 (2003) (noting that element of Washington offense was not conceded by the defendant's guilty plea in out-of-state case).

---

[4] The analysis in *Jackson* applies here because the court compared the Washington and Oregon statutes in effect in 1998. 129 Wn. App. at 107-08; *see* former RCW 9A.56.070 (1975); former ORS 164.135 (1971).

Arndt's admission demonstrates that he committed an intentional taking of the vehicle without permission. Therefore, his conduct would have met the requirements of the former Washington statute. Because Arndt's Oregon conviction for unauthorized use of a vehicle is factually comparable to Washington's former taking a motor vehicle without permission statute, the sentencing court properly included it as a point in Arndt's offender score.

2. Attempted Second Degree Assault Conviction

Arndt was convicted of attempted second degree assault in Oregon for an incident that occurred in 2007. Under the SRA, prior convictions for felony anticipatory offenses, including attempts, are scored the same as if they were convictions for completed offenses. RCW 9.94A.525(4). Arndt argues that the Oregon and Washington attempted second degree assault offenses are not legally comparable because the Oregon offense is broader than the Washington offense. We agree.

a. Definition of Attempt

Arndt asserts that "attempt" is defined more narrowly in Washington than in Oregon. Under ORS 161.405(1), "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." And under RCW 9A.28.020(1), "A person is guilty of an attempt to commit a crime, if *with intent to commit a specific crime*, he or she does any act which is a substantial step toward the commission of that crime." (Emphasis added.) The difference is that Washington requires specific intent to commit a crime rather than general intent to engage in conduct constituting a substantial step towards commission of a crime.

The sentencing court acknowledged that the Oregon and Washington elements of attempt are not legally comparable. However, under the second part of the comparability analysis it

7

determined that the offenses were factually comparable. In his guilty plea, Arndt admitted that he "intentionally attempted to cause serious physical injury" to the victim. Clerk's Papers at 84. As stated above, a sentencing court properly can consider this plea as an admitted fact. *Thiefault*, 160 Wn.2d at 415; *See Tewee*, 176 Wn. App. at 970; *Bunting*, 115 Wn. App. at 143. The sentencing court correctly held that this admission showed that Arndt specifically intended to commit the crime of assault. Therefore, his conduct would have met the requirements of the Washington attempt statute.

### b.    Assault Statutes

Arndt argues that the Oregon second degree assault statute is broader than the Washington second degree assault statute. In Oregon, a person commits second degree assault if the person "[i]ntentionally or knowingly causes *serious physical injury* to another." ORS 163.175(1)(b) (emphasis added). " 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8). In Washington a person commits second degree assault if the person, under circumstances not amounting to first degree assault, "[i]ntentionally assaults another and thereby recklessly inflicts *substantial bodily harm*." RCW 9A.36.021(1)(a) (emphasis added). " 'Substantial bodily harm' means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b).

Arndt argues that the term "serious physical injury" used in the Oregon statute is broader than the Washington requirement of "substantial bodily harm" because it permits conviction for impairment of a person's "health" but Washington's does not. He argues that "impairment of

8

health" (Oregon statute) is broader than "impairment of the function of any bodily part or organ" (Washington statute) because "health" could include mental or emotional health, or a general feeling of malaise that cannot be traced to a particular bodily part or organ. We agree.

The Oregon and Washington statutes are similar in that they both require some physical injury. Under the Oregon statute, "serious physical injury" exists only if *physical* injury causes the "impairment of health." ORS 161.015(8). However, a victim could suffer a "protracted impairment of health" (Oregon statute) that does not involve the "impairment of the function of any bodily part or organ" (Washington statute). ORS 161.015(8); RCW 9A.04.110(4)(b). For instance, a victim could suffer a laceration and scar that resulted in long-term psychological injury that would qualify as impairment of mental health, but would not constitute impairment of the function of a bodily part or organ. As a result, a showing of "serious bodily injury" under the Oregon statute would not necessarily meet the Washington requirement of "substantial bodily harm." We hold that the Washington and Oregon statutes are not legally comparable in this regard.[5]

Even though the convictions are not legally comparable, the Oregon conviction could be included in the offender score if they are factually comparable. But nothing in the record for the Oregon attempted second degree assault conviction allows a finding that Arndt intended to cause an injury that satisfied the Washington definition of "substantial bodily harm." As a result, this conviction is not factually comparable to a Washington offense.

---

[5] Arndt also argues that the Oregon statute does not require proof that the assault caused "substantial" impairment and therefore that a protracted but insubstantial impairment or loss qualifies for conviction of second degree assault in Oregon but not in Washington. Because we find that the statutes are not legally comparable for another reason, we need not address this argument.

9

In sum, attempted second degree assault in Oregon is not legally comparable to attempted second degree assault in Washington because the Oregon term "serious physical injury" is broader than the Washington term "substantial bodily harm." And there is no basis in the record of the Oregon conviction for finding factual comparability. Accordingly, the sentencing court erred in including the Oregon conviction in Arndt's offender score

### 3. DUII Convictions

Arndt twice was convicted of DUII in Oregon for conduct that occurred in 1998. Arndt argues that even though the language of the Oregon and Washington driving under the influence statutes is substantially similar, the offenses are not legally comparable because Washington and Oregon have interpreted "under the influence" differently. We agree.

#### a. Interpretation of Statutes

In Oregon, a person commits DUII if the person drives a vehicle while the person "[i]s under the influence of intoxicating liquor or a controlled substance." Former ORS 813.010(1)(b) (1991). The Washington driving under the influence (DUI) statute in effect in 1998, former RCW 46.61.502(1)(b) (1994), provides that a person is guilty of DUI for driving while "under the influence of or affected by intoxicating liquor or any drug." The elements of the offenses are the same – both are committed by driving while under the influence of intoxicating liquor.[6] Former ORS 813.010(1)(b); former RCW 46.61.502(1)(b). Nevertheless, Arndt argues that even though the statutory elements of the offenses are nearly identical, the offenses are not legally

---

[6] We discuss only the driving "under the influence" section of the DUI/DUII statutes because that is the only section discussed by the parties. There are alternative theories of DUI/DUII, including proof of certain blood alcohol content, but these sections are not at issue.

comparable because Oregon and Washington courts have *interpreted* "under the influence" differently.[7]

In Oregon, "a person is under the influence of intoxicating liquor when he or she has consumed enough liquor to *adversely affect that person's mental or physical faculties to some noticeable or perceptible degree.*" *Chartrand v. Coos Bay Tavern, Inc.*, 298 Or. 689, 699-700, 696 P.2d 513 (1985) (emphasis added). In *Oregon v. Moody*, 201 Or. App. 58, 64, 116 P.3d 935 (2005), the Oregon Court of Appeals interpreted this rule as requiring a showing of *impairment* due to a controlled substance. In Washington, a person is under the influence of or affected by the use of intoxicating liquor "if the person's *ability to drive a motor vehicle* is lessened in any appreciable degree." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.10, at 286 (3d ed. 2008); *see State v. Wilhelm*, 78 Wn. App. 188, 193, 896 P.2d 105 (1995); *State v. Hansen*, 15 Wn. App. 95, 95-97, 546 P.2d 1242 (1976).

b. Effect on Ability To Drive

Arndt argues that the Oregon and Washington interpretations of "under the influence" differ in that the Washington interpretation focuses on a person's actual ability to drive, while the Oregon interpretation focuses on impairment of a person's mental or physical faculties without reference to the ability to drive. Under Washington law *direct* evidence that the defendant's

---

[7] Initially, it is unclear whether court interpretations of statutory elements can defeat legal comparability of statutes containing identical elements. When courts have adopted non-statutory *elements* of crimes, those non-statutory elements should be included in the comparability analysis. *See State v. Sublett*, 176 Wn.2d 58, 88, 292 P.3d 715 (2012) (considering specific intent to steal an essential, nonstatutory element of second degree robbery); *Lavery*, 154 Wn.2d at 255-56 (same). However, we found no Washington authority addressing whether or not courts' interpretations of statutory elements also must be comparable. Because the State did not argue that court interpretations are irrelevant to the comparability analysis, we do not address this issue.

ability to drive was affected is not required to convict under RCW 46.61.502(1). *Wilhelm*, 78 Wn. App. at 192-93. We have held that RCW 46.61.502 is violated if circumstantial evidence allows the fact finder to *infer* that the defendant's ability to handle an automobile was lessened in an appreciable degree. *Wilhelm*, 78 Wn. App. at 192-93. As a result, proof that a defendant's mental or physical faculties are adversely affected as required under the Oregon statute would allow a Washington fact finder to infer that the defendant's ability to drive was affected.

However, under Washington law a fact finder is not required to infer that if a defendant's mental or physical faculties are adversely affected his or her ability to drive also was affected. Accordingly, the facts required to convict under the Oregon statute would not *necessarily* result in a conviction under the Washington statute. This precludes a finding of legal comparability.[8]

We hold that the former Oregon DUII statute is not legally comparable to the former Washington DUI statute. Although the language of the statutes is identical, the respective interpretations of the statutory language provide different standards.

    c.   Factual Comparability

Nothing in the record for the Oregon DUII convictions allow a finding that Arndt admitted or stipulated in his guilty plea agreement that his intoxication affected his ability to drive. As a result, the convictions are not factually comparable to a Washington offense.

---

[8] Arndt also argues that the Washington and Oregon statutes are not legally comparable based on an Oregon case suggesting that the Oregon DUII statute only requires the "slightest degree" of impairment. *Dyrdahl v. Dep't of Transp.*, 204 Or. App. 509, 514-16, 131 P.3d 770 (2006). Because we find that the statutes are not legally comparable on other grounds, we need not address this issue.

The State failed to prove legal or factual comparability between the Oregon and Washington driving under the influence of intoxicants statutes. Accordingly, the sentencing court erred by including the two Oregon DUII convictions in calculating Arndt's offender score.

4.     Third Degree Rape

Arndt was convicted of third degree rape in Oregon for conduct that occurred in May 2001. He argues that his conviction is not comparable because the offense is defined more broadly in Oregon than in Washington and the record does not show that his conduct met the more narrow definition of the Washington offense.[9] We agree.

a.    Legal Comparability

In Oregon, a person commits third degree rape by having sexual intercourse with another person less than 16 years of age. ORS 163.355. The comparable Washington offense is third degree rape of a child, which a person commits by having sexual intercourse with another person who is at least 14 years old but less than 16 years old and who is not married to the perpetrator, and the perpetrator is at least 48 months older than the victim. RCW 9A.44.079.

Both offenses require proof that the victim be less than 16 years old. But the Oregon offense is broader than the comparable Washington offense because the Washington offense requires the State to prove additional elements – that the victim and perpetrator are not married and that the perpetrator is at least 48 months older than the victim. As a result, the Oregon offense is not legally comparable to the Washington offense.

---

[9] The State argues that Arndt did not make this argument in the sentencing court and cannot raise the issue for the first time on appeal. However, Arndt did object to considering the Oregon convictions on comparability grounds. In any event, improperly including an out-of-state conviction in the defendant's offender score can be raised for the first time on appeal. *Ford*, 137 Wn.2d at 484-85.

13

b. Factual Comparability

The next step is to determine whether the offenses are factually comparable – i.e., whether Arndt's conduct would have allowed conviction under the Washington statute. Here, the State cannot establish the additional Washington requirement that the victim not be married to the defendant. Arndt did not make any admission or stipulation regarding marital status and the record from the Oregon proceeding does not reflect the marital status of Arndt or the victim.

The State argues that the sentencing court may infer that Arndt and the victim were not married because (1) most people who are married would know their spouse's age and Arndt testified at sentencing in the present case that he did not know the victim was under 16 at the time that they had sex, and (2) the 16 year old victim was below the minimum age to marry in Oregon, which is 18 years old or 17 years old with parental permission. ORS 106.010, .060. But sentencing courts may only rely on facts in the out-of-state record that are admitted or proved to the fact finder beyond a reasonable doubt in the out-of-state conviction. *Lavery*, 154 Wn.2d at 258; *Ortega*, 120 Wn. App. at 174. There was no evidence in the Oregon proceeding regarding marital status, and a finding regarding marital status was not necessary for the conviction. Inferences from Arndt's testimony at sentencing in the present case or from the Oregon marriage statute are not sufficient for a Washington sentencing court to conclude that the fact that Arndt and the victim were not married was proved beyond a reasonable doubt in the Oregon proceeding.[10]

---

[10] The State's arguments do not show that it was impossible for Arndt and the victim to have been married. It is possible that a person would not know his spouse's age. And in California there is no minimum age for marriage with a court order and written parental consent, Cal. Fam. Code 302, while in Washington, a superior court judge may waive the age requirements on a showing of necessity. RCW 26.04.010(2).

The State failed to prove legal or factual comparability between the Oregon third degree rape statute and the Washington third degree rape of a child statute. Accordingly, the sentencing court erred by including the Oregon third degree rape conviction in calculating Arndt's offender score.

C.    EVIDENCE ALLOWED ON RESENTENCING

Arndt contends with a citation to a single case and without argument that upon remand the State is limited to the record as it existed at the prior sentencing hearing. The State does not discuss whether it should have another opportunity to prove factual comparability of Arndt's Oregon attempted second degree assault, DUII, and third degree rape convictions on resentencing. Whether the State may attempt to introduce evidence regarding these convictions on remand is not before this court. *State v. Lucero*, 168 Wn.2d 785, 789 n.1, 230 P.3d 165 (2010). We leave that issue to the sentencing court. *Lucero*, 168 Wn.2d at 789 n.1.

D.    CONCLUSION

We hold that Arndt's Oregon conviction for unauthorized use of a vehicle was comparable to a Washington conviction and therefore was included properly in Arndt's offender score. However, we hold that Arndt's Oregon convictions for attempted second degree assault, DUII, and third degree rape were not legally or factually comparable to Washington convictions

No. 43717-1-II

and therefore should not have been included in Arndt's offender score. Accordingly, we remand for resentencing.

MAXA, J.

We concur:

JOHANSON, A.C.J.

BJORGEN, J.

16