IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,          )
                              )      No. 76945-6-I
            Respondent,       )
                              )      ORDER GRANTING MOTION
      v.                      )      FOR RECONSIDERATION,
                              )      WITHDRAWING OPINION, AND
KEVIN JAMES HILL,             )      SUBTITUTING AMENDED
                              )      OPINION
            Appellant.        )
                              )
_____)

Appellant, Kevin James Hill, has moved for reconsideration of this court's

opinion filed on June 18, 2018. He notes, correctly, that our original opinion

omitted the State's concession that the combined sentences for confinement and

community custody on his second degree identity theft convictions exceed the

statutory maximum and must be remanded for resentencing. We accept the

State's concession, grant the motion for reconsideration, withdraw the opinion

filed on June 18, 2018, and substitute an amended opinion. Now, therefore, it is

hereby

ORDERED that appellant's motion for reconsideration is granted, the

opinion filed on June 18, 2018, is withdrawn, and it is further

ORDERED that an amended substitute opinion shall be filed.

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED
2018 AUG -6 AM 8: 44

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76945-6-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| KEVIN JAMES HILL, | ) ) | |
| Appellant. | ) ) | FILED: August 6, 2018 |

2018 AUG -6 AM 8:44
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

PER CURIAM — Prior to sentencing on his guilty pleas in four separate matters,[1] Kevin Hill moved pro se to withdraw his pleas. He contended his pleas were involuntary because his offender score omitted a prior Arizona conviction and, consequently, he was misinformed regarding a direct consequence of his pleas. Following a hearing during which the State said it did not intend to prove, and could not prove, the Arizona conviction, the court denied Hill's motion. He appeals, arguing that the court abused its discretion in denying his motion to withdraw his pleas. He also contends two of his sentences exceed the statutory maximum. We affirm the denial of Hill's motion to withdraw his plea, but remand for resentencing on two convictions.

Hill pled guilty with the understanding that his offender score was 68. In moving to withdraw his pleas, he alleged that the State failed to include an Arizona conviction for solicitation of forgery in his offender score. Hill maintained that his offender score was actually 69 and that the misinformation regarding his score rendered his pleas

---

[1] The guilty pleas encompassed twenty-two felonies and three misdemeanors. This appeal is taken from Hill's convictions for four counts of second degree burglary, two counts of second degree identity theft, and one count each of unlawful possession of a firearm and possession of methamphetamine.

involuntary. In support, he attached a copy of an Arizona judgment and sentence for solicitation of forgery.

The State responded that Hill's offender score was correctly calculated and that, in any event, he assumed the risk that his score could increase if additional criminal history was discovered.[2] In an affidavit, the prosecutor stated:

> 23. I fully reviewed the Defendant's National Crime Information Center (NCIC) Interstate Criminal History Report to determine if any out-of-state criminal history could be considered as scoreable priors under the SRA, including his history in the State of Arizona. Exhibit C. **There are no prior convictions noted that correspond to the document the Defendant filed as Exhibit B to his motion. While there are similar charges noted in the Defendant's Arizona history, they each are noted with a Disposition of "Court Dismissal."**
>
> 24. Because there were no priors to be considered for scoring (or impeachment) purposes from those Arizona records, I did not request any certified documents regarding those cases.

(Emphasis added) CP 112-13.[3] The prosecutor reiterated these points at the hearing on Hill's motion, stating in part:

> [PROSECUTOR]: . . . [There is] substantial evidence that that conviction may not be valid even in the state of Arizona. . . . **We do not have here a certified document, do not have here other reliable evidence, and we do have contradictory evidence that indicates that conviction is not comparable.**
>
> THE COURT: Is it fair to say --
> . . .

---

[2] Citing State v. Codiga, 162 Wn.2d 912, 928, 175 P.3d 1082 (2008) (citations omitted), the State argued below:

> The Defendant expressly, in writing and on the record in court, assumed the risk that additional criminal history could be found prior to sentencing. The Defendant forfeited his right to argue for withdraw[al] of his plea on this basis. . . . Holding a defendant to such an assumption of risk is necessary to prevent defendants from holding back criminal conviction information to use as an escape hatch to get out of any plea agreement.

CP 120 (Clerk's Papers in 76942-1). The Codiga court also held, however, that "the defendant does not assume the risk of miscalculation of the offender score based on a mistake as to the legal effect of a fully disclosed criminal history." Codiga, 162 Wn.2d at 930. Because this issue is not briefed on appeal and we resolve the appeal on other grounds, we do not address it.

[3] This citation is to the clerk's papers in No. 76942-1.

THE COURT: -- you're not putting that before the sentencing judge?

[PROSECUTOR]: That is correct.

. . .

[PROSECUTOR]: . . . The State has not seen anything that convinces it that there is a valid comparable felony conviction in the state of Arizona that we have not previously (unintelligible).

. . .

[PROSECUTOR]: The State is not asserting that this document . . . the defendant has produced is somehow fraudulent. However, it may not be the final document in the case. The unit in my office works very hard to make sure that we get enough documents so that we know if something happened later. There can be a valid judgment and sentence, or in any case, even in King County, that can later be essentially undone with a different document.

That judgment and sentence still exists. You can still request it and you could still produce it and assert that there is a valid conviction, unless you get that other document. And so it's important and my office works very hard to be careful with what documents it's ordering to determine if these priors are not just comparable but valid in their jurisdiction.

**Nothing dependable has been put before this court to establish a comparable, valid, or scorable prior conviction in -- under that specific cause number that the defendant is asserting**, and the score should remain the same and the pleas should not be permitted to be withdrawn.

(Emphasis added) RP 277-79. The court then said "[a]nything else?" RP 279. Neither

Hill nor the prosecutor responded.

The court denied Hill's motion to withdraw his pleas, stating in pertinent part:

. . .The court has before it Mr. Hill's motion to withdraw or vacate his guilty pleas. I'm going to deny the request. I think the pleas were entered into . . . knowingly, intelligently, and voluntarily . . . .

. . .

I'm going to start with the offender score. It is a rare day when a defendant brings forth additional [criminal] history. What I had asked [the prosecutor] is, are you going to stick with the offender score of 68, and she has affirmatively answered yes, because we still don't believe solicitation of forgery can be pled and proven at sentencing.

With that assurance, the Arizona prior offense, although it may exist on paper, doesn't even amount to a mistake, either legal or factual, because the . . . State is simply not going to ask that your offender score be considered the higher number of 69.

Frankly, you're maxed out at nine. So I think the difference between 68 and 69, I'm not trying to minimize the fact that you might have a one point higher

offender score, Mr. Hill, but the State is simply not seeking to prove and plead that additional Arizona history.

RP 279-80. Hill appeals.

## DECISION

Hill contends the court abused its discretion[4] in denying his motion to withdraw his pleas because the parties mistakenly believed, and he was misadvised, that his offender score was 68 when it was actually 69. These mistakes, he argues, rendered the pleas involuntary and entitle him to withdraw the pleas. We disagree.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent.[5] CrR 4.2(d) codifies this principle and mandates that the trial court "shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." This rule also allows withdrawal of a plea "to correct a manifest injustice." CrR 4.2(f). A plea may be withdrawn under this standard if it is based on a mistake that bears upon the offender score or sentencing range and renders the plea unknowing and involuntary.[6] If a defendant has been incorrectly advised of the offender score and accompanying standard range, his plea is involuntary.[7] If, on the other hand, a defendant is misadvised regarding the offender score but the standard range is the same under either score, the defendant's understanding of the consequences of his plea is unaffected.[8] "Once an offender score reaches 9, the standard range does not

---

[4] We review the denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. State v. Olmsted, 70 Wn.2d 116, 118, 422 P .2d 312 (1966).

[5] In re Personal Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004).

[6] State v. Codiga, 162 Wn.2d 912, 925, 175 P.3d 1082 (2008).

[7] State v. Mendoza, 157 Wn.2d 582, 589–591, 141 P.3d 49 (2006).

[8] State v. King, 162 Wn. App. 234, 241, 253 P.3d 120, 124 (2011); see also State v. Wills, 154 Wn. App. 1001, 2010 WL 9085, at *3 ("The offender score is important only to the extent that it

change. RCW 9.94A.510."[9]

Here, the record establishes that Hill was correctly advised regarding his offender score. The plea documents informed him that his score was 68. Hill claims the score was actually 69 because the State omitted his prior Arizona conviction for solicitation of forgery. But it was *the State's* burden to prove Hill's criminal history,[10] and the prosecutor told the sentencing court unequivocally that the State could not prove, and Hill's evidence did not prove, the existence of the Arizona conviction. The State points out on appeal, and Hill does not dispute, that the Arizona judgment and sentence Hill submitted below was neither certified nor authenticated. And while a National Crime Information Center Interstate Criminal History Report in the record lists an Arizona forgery committed the same day as the forgery in Hill's judgment and sentence, the report and judgment lack matching case numbers. In any event, the report lists the forgery's disposition as "COURT DISMISSAL." CP 133.[11] Given the evidence presented below, we conclude that there was no mutual mistake or erroneous advice regarding Hill's offender score and that Hill's pleas were knowingly, intelligently, and voluntarily entered.

---

impacts the standard sentencing range. . . . Wills's extremely high offender score means that the mistake in the calculation of his score does not effect his standard range. The essential term [of the plea agreement]—the sentencing range—does not change. Therefore, the mutual mistake provision is not triggered. Wills should remain bound by the plea agreement.").

[9] State v. King, 162 Wn. App. at 241.

[10] State v. Arndt, 179 Wn. App. 373, 378, 320 P.3d 104 (2014); State v. Latham, 183 Wn. App. 390, 398, 335 P.3d 960 (2014).

[11] This citation is to the clerk's papers in No. 76942-1.

In addition, we note that even if Hill had been misadvised regarding his score, he would still not be entitled to withdraw his plea because his score is far above 9 and the alleged scoring error would have no effect on his standard range.[12]

The court did not abuse its discretion in denying Hill's motion to withdraw his pleas.

Hill also argues, and the State concedes, that the combined sentences for confinement and community custody on his second degree identity theft convictions exceed the statutory maximum and must be remanded for resentencing. We accept the State's concession and remand for proceedings consistent with this opinion.

Affirmed in part and remanded in part for further proceedings.

For the court:

_____

_____

_____

---

[12] Note 8, supra.

6