## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>BRADLEY LEWIS REYNOLDS,<br><br>                       Petitioner. | No.  51990-9-II<br>(Consolidated with No. 52005-2-II and<br>No. 52043-5-II)<br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Bradley Reynolds seeks relief from personal restraint relating to two convictions in 2005 and one conviction in 2008 to failure to register as a sex offender.[1]  He argues that he did not have a duty to register as a sex offender under former RCW 9A.44.130(9)(a)(iv) (2003) or former RCW 9A.44.130(10)(a)(iv) (2006) because his 1990 Oregon third degree rape conviction was not comparable to a Washington sex offense.  The State concedes that he is correct.  We accept the State's concession and grant Reynolds's personal restraint petitions.[2]

---

[1] Reynolds filed motions to vacate his judgments and sentences in the trial court.  That court transferred his motions to us under CrR 7.8(c) to be considered as personal restraint petitions. We then consolidated the petitions.

[2] Because the State concedes that Reynolds's judgments and sentences are facially invalid, his petitions are not subject to RCW 10.73.090's time bar.

In 1990, Reynolds was convicted in Oregon of third degree rape. After moving to Washington, he did not register as a sex offender. He pleaded guilty to failure to register as a sex offender two times in 2005 and once in 2008 for crimes allegedly committed in 2005 and 2006. At those times, former RCW 9A.44.130(9)(a)(iv) (2003) and former RCW 9A.44.130(10)(a)(iv) (2006) defined "sex offense" for purposes of sex offender registration to include "[a]ny . . . out-of-state conviction for an offense that under the laws of this state would be classified as a sex offense under this subsection."[3]

Former RCW 9A.44.130(9)(a)(i) (2003) and former RCW 9A.44.130(10)(a)(i) (2006) provided that "sex offense" included "[a]ny offense defined as a sex offense by RCW 9.94A.030." Former RCW 9.94A.030(38)(a)(i) (2003) and former RCW 9.94A.030(42)(a)(i) (2006) defined "sex offense" to include "[a] felony that is a violation of chapter 9A.44 RCW." Third degree rape, which was defined in former RCW 9A.44.060 (1999), constituted a violation of chapter 9A.44 RCW.

The offense of third degree rape in Oregon is similar to the offense of third degree rape in Washington. But this court held that the Oregon offense is not comparable to the Washington offense. *State v. Arndt*, 179 Wn. App. 373, 388, 320 P.3d 104 (2014). Therefore, the Oregon conviction of third degree rape did not constitute a sex offense under former RCW

---

[3] In 2010, former RCW 9A.44.130(10)(a) was deleted. LAWS OF 2010, ch. 267, § 2. In the same act, "sex offense" was defined in a new statute, currently codified at RCW 9A.44.128(10)(h), that included "[a]ny out-of-state conviction for an offense for which the person would be required to register as a sex offender while residing in the state of conviction." LAWS OF 2010, ch. 267, § 1.

9A.44.130(9)(a)(iv) (2003) or former RCW 9A.44.130(10)(a)(iv) (2006), and Reynolds had no duty to register as a sex offender in 2005 or 2006.

We grant Reynolds's petitions and remand to the trial court to vacate his two 2005 and his 2008 judgments and sentences.[4]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
SUTTON, J.


_____
CRUSER, J.

---

[4] In light of the State's concession, we do not address Reynolds's arguments that he received ineffective assistance of counsel when entering the guilty pleas.