# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52595-0-II |
| Respondent, | |
| v. | |
| DARYL CLAY REID, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Daryl Clay Reid appeals his judgment and sentence following entry of a guilty plea. At sentencing, the superior court included a prior conviction from Oregon for second degree escape in his offender score and in his judgment and sentence without conducting a comparability analysis.

Reid argues that the superior court erred by including this alleged prior Oregon conviction because (1) he did not explicitly agree to its inclusion in his offender score, (2) the State did not prove this prior conviction, and (3) the court did not conduct a comparability analysis, and thus, resentencing is required. The State argues that (1) Reid waived his right to raise this issue because he signed the plea agreement and he affirmatively acknowledged his offender score at the sentencing hearing, and (2) even if he did not waive this issue, a remand for resentencing is not required because the court would have imposed the same low-end standard range sentence as the defense had requested.

We hold that Reid stipulated to his criminal history, but he did not stipulate to his offender score, and because the superior court would have sentenced Reid with the same sentence he requested and received, the low-end of the standard range, we hold that a remand for resentencing is not required.[1]  Thus, we affirm.

## FACTS

The State charged Daryl Reid with two amended counts of violation of the Uniform Controlled Substances Act[2]—possession, one for possession of heroin and one for possession of methamphetamine.  Reid entered a guilty plea on July 5, 2018.  The plea agreement contained the following provisions:

> (c)  The standard sentence range is based on the crime charged and my criminal history.  Criminal history includes prior convictions and juvenile adjudications or convictions, whether in this state, in federal court, or elsewhere.

> (d)  The prosecuting attorney's statement of my criminal history is attached to this agreement.  Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete.  If I have attached my own statement, I assert that it is correct and complete. . . .

Clerk's Papers (CP) at 4.  Neither the State nor Reid attached a statement of Reid's criminal history to the plea agreement.  The State had already filed its statement of Reid's criminal history on February 20, 2018.  The plea agreement, dated July 5, 2018, calculated Reid's offender score as an 11 on both counts with a standard range on both counts of 12+ months up to 24 months, and 12 months of community custody.  The State's recommendation was 12 months and 1 day, and it did

---

[1] Based on our holding, we do not reach the issue of a comparability analysis.

[2] Ch. 69.50 RCW.

not object to Reid's request to participate in the Drug Offender Sentencing Alternative (DOSA) program.

After entering the guilty plea and before sentencing, Reid advised the superior court that he wished to withdraw his guilty plea because he believed that he was misled by his counsel, whom he wanted to replace, and he requested the appointment of new counsel to investigate whether there was a basis to withdraw the guilty plea. The superior court granted Reid's request and allowed the original counsel to withdraw, and it appointed new counsel to investigate whether there was a basis to allow Reid to withdraw his guilty plea. The new counsel later advised the superior court that he did not see any basis for withdrawing Reid's plea, and the court denied Reid's request to withdraw his guilty plea.

At sentencing, the parties discussed Reid's ability to participate in DOSA based on the DOSA evaluation. However, Reid asked for the court to impose a standard low-end range sentence of 12 months and 1 day rather than to allow him to participate in DOSA, which sentence the State agreed to. The State said, "Okay. Well, then we stand by – if [Reid] wants a year and a day, I suppose he can have it." Verbatim Report of Procedures (VRP) at 16-17.

The superior court included the following statement of Reid's criminal history in its judgment and sentence as follows:

| | CRIME | DATE OF SENTENCE | SENTENCING COURT (County & State) | DATE OF CRIME | A or J Adult, Juv. | TYPE OF CRIME V, SV, SO |
|---|---|---|---|---|---|---|
| 1 | VUCSA (WASHES) | 03-1985 | COWLITZ CO., WA | 11-1984 | A | |
| 2 | ELUDE (WASHES) | 08-20-87 | COWLITZ CO., WA 87-1-00341-5 | 07-20-87 | A | |

| 3 | MAL MIS 2 (WASHES) | 08-20-87 | COWLITZ CO., WA 87-1-00341-5 | 07-20-87 | A | |
| 4[3] | ESCAPE 2 (25 MO PRISON) (PAROLED 06/17/98) | 12-11-96 | COLUMBIA CO, OR 961169 | 10-17-96 | A | |
| 5 | ELUDE | 01-07-03 | COWLITZ CO., WA 02-1-01573-2 | 12-04-02 | A | |
| 6 | VUCSA POSS | 10-28-03 | COWLITZ CO., WA 03-1-01255-3 | 09-09-03 | A | |
| 7 | VUCSA POSS | 04-29-04 | COWLITZ CO., WA 04-1-00472-9 | 03-30-04 | A | |
| 8 | VUCSA POSS METH | 01-31-07 | COWLITZ CO., WA 06-1-01586-7 | 12-12-06 | A | |
| 9 | VUCSA POSS METH *(CLASSIFIED AS SAME CRIMINAL CONDUCT AS VUCSA—POSS CHARGE BELOW) | 01-31-07 | COWLITZ CO., WA 06-1-01177-2 | 09-12-06 | A | |
| 10 | VUCSA POSS *(CLASSIFIED AS SAME CRIMINAL CONDUCT—POSS CHARGE ABOVE) | 01-31-07 | COWLITZ CO., WA 06-1-01177-2 | 09-12-06 | A | |
| 11 | VUCSA POSS (24 MO PRISON) | 01-31-07 | COWLITZ CO., WA 06-1-00148-3 | 09-08-05 | A | |
| 12 | ATTEMPT DRUG CRIMES—POSS METH | 03-17-10 | COWLITZ CO., WA 09-1-01097-5 | 10-21-09 | A | |
| 13 | VUCSA—POSS SUBOXONE (12+ 1 MO PRISON) (12 MO COMM CUSTODY) | 02-09-12 | COWLITZ CO., WA 12-1-00079-1 | 01-19-12 | A | |

---

[3] The fourth offense—the 1996 Oregon felony conviction for second degree escape—is at issue.

| 14 | VUCSA—POSS WITH CORRECTIONAL FACILITY ENHANCEMENT (24 MO PRISON) (12 MO COMM CUSTODY) (REL PRISON 03/12/15) (LAST REL PRISON 08/30/16-09/15/16) | 03/15/14 | COWLITZ CO., WA 13-1-01494-4 | 11/09/13 | A | |

CP at 28-29. The superior court followed the recommendation and imposed a standard low-end range sentence of 12 months and 1 day confinement on each count, as well as 12 months of community custody on each count.

ANALYSIS

Reid argues that the superior court erred by including his 1996 Oregon second degree escape conviction in his offender score because Reid did not affirmatively acknowledge this conviction and the court did not conduct a comparability analysis. Br. of App. at 1-8. The State argues that Reid waived this argument because he signed the plea agreement and by doing so, he affirmatively acknowledged his prior criminal history, including the prior 1996 Oregon conviction for second degree escape, and even if the superior court erred, remand is not necessary because the court would have sentenced Reid with the same low-end standard range sentence. Br. of Resp't at 1-5.

We hold that Reid stipulated to his criminal history but he did not stipulate to his offender score, and the superior court would have sentenced Reid to the same low-end standard range sentence he requested, 12 months and 1 day, and thus, a remand is not require, we affirm.

5

I. OFFENDER SCORE

A. WAIVER

Preliminarily, the State argues that Reid waived the issue related to his criminal history and offender score because he pleaded guilty and because he affirmatively acknowledged his offender score and sentencing range at the sentencing hearing. We disagree.

Generally, a sentence within the standard range set forth in the Sentencing Reform Act of 1981, chapter 9.94A RCW, is not subject to appeal. *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). Additionally, a defendant who stipulates to his offender score generally waives the right to challenge the facts to which he stipulated. *See State v. Harris*, 148 Wn. App. 22, 29, 197 P.3d 1206 (2008). "[W]aiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). However, "waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence." *Goodwin*, 146 Wn.2d at 874.

Out-of-state convictions can be included in a defendant's offender score only if they are comparable to a Washington offense. *State v. Arndt*, 179 Wn. App. 373, 378, 320 P.3d 104 (2014). Whether an out-of-state conviction is comparable to a Washington offense generally involves a factual determination. *Arndt*, 179 Wn. App. at 378. Therefore, "a defendant who stipulates that his out-of-state conviction is equivalent to a Washington offense has waived a later challenge to the use of that conviction in calculating his offender score." *State v. Hickman*, 116 Wn. App. 902, 907, 68 P.3d 1156 (2003). To stipulate, the defendant must provide an affirmative acknowledgement of the "*facts and information* alleged at sentencing." *State v. Hunley*, 175

Wn.2d 901, 912, 287 P.3d 584 (2012) (emphasis added). Mere failure to object does not amount to an affirmative acknowledgement of one's criminal history. *State v. Ross*, 152 Wn.2d 220, 233, 95 P.3d 1225 (2004).

Here, Reid signed the plea agreement on July 5, 2018, which contained a provision stating that by signing the agreement and not attaching his own statement of his criminal history, Reid was "agree[ing] that the [State's] statement [of his criminal history] is correct and complete." CP at 4. Even though the State did not attach its statement of Reid's criminal history to the plea agreement, the State had previously put Reid on notice of its statement of his criminal history when it filed the statement of Reid's criminal history on February 20, 2018, over four months before Reid signed the plea agreement. Therefore, Reid was on notice that the State was including his 1996 Oregon conviction in its calculation of his offender score. Reid agreed to the State's representation of his criminal history by entering and signing the guilty plea. *Hickman*, 116 Wn. App. at 907.

The record, however, does not support the State's argument that Reid made an affirmative acknowledgement of his offender score at the sentencing hearing. At the sentencing hearing, Reid chose to forego the opportunity to participate in DOSA and requested a sentence of one year and one day, which sentence the State did not object to. Reid made no statement regarding his offender score at the sentencing hearing. Therefore, he did not affirmatively acknowledge his offender score—he merely decided to forego a DOSA based sentence and instead requested the court impose a sentence at the low end of the standard range. The superior court granted his request and sentenced him to one year and one day in confinement.

Because Reid did not stipulate to his offender score by signing his plea agreement, he did not waive the right to raise the issue of whether his offender score was properly calculated. Nor did the State provide the court with a certified copy of the judgment and sentence for the Oregon conviction. Therefore, the superior court did not make any determination of whether the Oregon conviction is legally or factually comparable to a Washington conviction, and imposed the recommended sentence along with 12 months of community custody. *See State v. Olsen*, 180 Wn.2d 468, 472-74, 325 P.3d 187 (2014).

We hold that the superior court erred by not engaging in a comparability analysis.

B.  REMAND

Reid argues that a remand is required. We disagree and hold that a remand is not necessary.

"[W]hile remand is the appropriate remedy when the court incorrectly calculates the standard range, remand is unnecessary where 'the record clearly indicates the sentencing court would have imposed the same sentence anyway.'" *State v. Chambers*, 176 Wn.2d 573, 589, 293 P.3d 1185 (2013) (quoting *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997)).

Possession of a controlled substance is a class C felony with a seriousness level of 1. RCW 69.50.4013(1)-(2); RCW 9.94A.518. Defendants with an offender score of 6 and above who are being convicted for a drug crime with a seriousness level of 1, such as Reid, have a standard sentencing range of 12+ to 24 months. RCW 9.94A.517(1); RCW 9.94A.525. Because Reid's offender score is above a 6 with or without inclusion of the Oregon conviction in his offender score, the standard sentencing range would still have been 12+ to 24 months for both counts. RCW 9.94A.517(1).

No. 52595-0-II

As discussed above, at defense's request, the superior court sentenced Reid to the low end of the standard range—12 months and 1 day in confinement. Because there is no evidence that any offender score error impacted the low-end range sentence Reid received, we hold that a remand is not required.

CONCLUSION

We affirm Reid's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.

9