FILED
COURT OF APPEALS
DIVISION II

2014 JUN 10 AM 8:42

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44512-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| STEVEN SMITH, | |
| Appellant. | |

BJORGEN, J.—Steven Smith appeals his conviction and sentence for felony driving under the influence (DUI). We affirm his conviction, but reverse his sentence and remand for resentencing.[1]

## FACTS

On the afternoon of June 12, 2012, Carolyn Cole was in her car with her husband Chester Cole. While stopped at a stop sign, she observed a white pickup truck coming directly at the front of the car. The white pickup truck hit the Coles' car head on. Smith was identified as the driver of the white pickup truck.

Officer Mark Hinton of the Shelton Police Department responded to the scene of the accident. When Hinton contacted Smith, he observed that Smith exhibited a flushed face,

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

delayed responses, and delayed actions. Hinton also smelled the odor of intoxicants on Smith's breath and observed a six-pack of beer inside of Smith's car. One of the beers was open and a "good amount" of the beer had been consumed. 1 Report of Proceedings (RP) at 66.

Hinton asked Smith to perform standardized field sobriety tests, but Smith refused. Hinton then placed Smith under arrest for DUI and transported him to Mason County Jail. Hinton advised Smith of his rights and read Smith the implied consent warnings regarding breath alcohol concentration tests. Smith refused the breath test.

The State charged Smith with felony DUI.[2] A jury trial began on January 29, 2013, at which Carolyn Cole testified to the circumstances of the accident. The State also presented evidence establishing that Smith had four prior DUI convictions.

Officer Hinton testified regarding his DUI investigation. Hinton testified that Smith did not make any statements to him regarding the circumstances leading to the collision. Hinton also testified that he had no recollection of observing a dog at the scene of the accident and that there was no notation in his computer-aided dispatch log[3] that he had called animal control or that any animals were transported to the pound.

Smith testified at trial that he bought beer at the Airport Grocery approximately three minutes prior to the collision. Before leaving the grocery, Smith opened a beer and drank approximately two-thirds to three-quarters of it. He explained that he also had his wife's dog in the car at the time. According to Smith, the dog jumped into his lap while he was going through

---

[2] Smith was also charged with one count of first degree driving while license suspended or revoked and one count of operating a vehicle without an ignition interlock device. Prior to trial, Smith pleaded guilty to both counts and neither count is the subject of this appeal.

[3] The dispatch log is an electronic log of the officers' activities.

No. 44512-3-II

the intersection causing him to swerve into the Coles' car. Smith testified that he was not impaired at the time of the accident. Smith called Sergeant Virgil Pentz of the Shelton Police Department to testify. Pentz testified that he did not recall the DUI investigation, but he had documentation that he impounded a dog belonging to Smith with animal control on June 12, 2012.

The jury found Smith guilty of felony DUI. The trial court sentenced Smith to 55.5 months' confinement on the DUI charge. The trial court also sentenced Smith to 12 months' community custody with the notation "up to the statutory maximum of 60 months." Clerk's Papers (CP) at 8. As a condition of the community custody, the trial court ordered that:

> [Smith] shall have a . . . chemical dependency . . . evaluation within 30 days of release from custody, provide a copy of the evaluation to the [community corrections' officer] CCO, successfully participate in and complete all recommended treatment, and sign all releases necessary to ensure that the CCO can consult with the treatment provider to monitor progress and compliance[.]

CP at 17. Smith appeals his conviction and sentence.

## ANALYSIS

Smith challenges his conviction, arguing that there was insufficient evidence to support the jury's verdict. He also challenges his sentence. Specifically, Smith argues that (1) the trial court improperly ordered him to engage in a chemical dependency evaluation, and (2) the trial court improperly imposed community custody. We affirm Smith's conviction and the portion of his sentence ordering a chemical dependency evaluation. The State concedes that the trial court erred in imposing community custody. We agree, reverse Smith's sentence as to the term of

3

No. 44512-3-II

community custody and remand for the trial court to reduce the term of community custody so that it, together with his sentence of confinement, does not exceed the statutory maximum of 60 months.

## I. SUFFICIENCY OF THE EVIDENCE

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Our role is not to reweigh the evidence and substitute our judgment for that of the jury. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Instead, because the jurors observed the witnesses testify firsthand, we defer to the jury's resolution of conflicting testimony, evaluation of witness credibility, and decisions regarding the persuasiveness and the appropriate weight to be given the evidence. *See State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

To convict Smith of felony DUI, the State had to prove that on June 12, 2012, Smith drove a vehicle under the influence of or affected by intoxicating liquor, that Smith had four or more prior DUI convictions within 10 years, and that the driving occurred in the State of Washington. RCW 46.61.502(1)(c), (6)(a). A person is under the influence of or affected by the use of intoxicating liquor if "the ability to handle an automobile was lessened in an appreciable degree by the consumption of intoxicants or drugs." *State v. Wilhelm*, 78 Wn. App. 188, 193,

4

No. 44512-3-II

896 P.2d 105 (1995).

Smith challenges the sufficiency of the evidence that he was under the influence of or affected by intoxicating liquor. Specifically, Smith argues that the State failed to present evidence establishing that he was intoxicated, particularly due to the lack of field sobriety tests and breath test results. Further, Smith argues that his driving was not affected by intoxicating liquor because the collision was caused by the dog jumping in his lap, not by his recent drinking. Because Smith's arguments necessarily require us to reweigh the evidence, review the jury's credibility determinations, and reject reasonable inferences that are favorable to the jury's verdict, his arguments must fail.

Here, the State presented evidence that Hinton observed signs of intoxication on Smith including a flushed face, delayed reactions, and the odor of intoxicants. The most reasonable inference, favorable to the State, from Smith's refusal to take field sobriety tests or a breath test is that he refused the tests because he was intoxicated. In addition, Smith admitted to consuming over half a can of beer in one or two sips directly before the accident. Ultimately, Smith's driving resulted in a head-on collision with a vehicle stopped at a stop sign on the opposite side of the road. Rejecting Smith's explanation that the dog caused the accident rather than the alcohol is a credibility determination for the jury, not us. There was sufficient evidence to support the jury's verdict.

II. SENTENCE

Smith challenges his sentence on two grounds. First, Smith argues that the trial court lacked statutory authority to order him to engage in a chemical dependency evaluation. Second,

5

No. 44512-3-II

he argues that the trial court erred by imposing a term of community custody that could result in a sentence longer than the statutory maximum. The State concedes that the trial court erred by imposing the term of community custody. We affirm the trial court's order requiring Smith to engage in a chemical dependency evaluation and reverse the erroneous term of community custody.

Smith argues that under RCW 9.94A.607(1) the trial court was required to make a specific finding that a chemical dependency contributed to Smith's offense before it could order a chemical dependency evaluation.[4] RCW 9.94A.607(1), however, is not the only statute requiring this sort of evaluation. Under RCW 9.94A.703(4)(b)(i) "the court shall require the offender to complete a diagnostic evaluation by an alcohol or drug dependency agency" if the offender committed an alcohol or drug-related traffic offense. DUI is specifically defined as an alcohol or drug-related traffic offense. RCW 9.94A.703(4)(b)(ii). Therefore, the trial court properly ordered Smith to engage in a chemical dependency evaluation.

Smith also argues that the trial court erred by imposing 12 months of community custody, which combined with his sentence of 55.5 months of confinement could impose a term longer than the statutory maximum of 60 months. RCW 9.94A.701(9) requires that the trial court

---

[4] RCW 9.94A.607(1) provides:
> Where the court finds that the offender has a chemical dependency that has contributed to his or her offense, the court may, as a condition of the sentence and subject to available resources, order the offender to participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime for which the offender has been convicted and reasonably necessary or beneficial to the offender and the community in rehabilitating the offender.

6

No. 44512-3-II

reduce or eliminate the term of community custody "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum[.]" The State properly concedes that the term of community custody imposed was erroneous. Accordingly, we reverse Smith's sentence as to the term of community custody and remand for the trial court to reduce the term of community custody so that it, together with his sentence of confinement, does not exceed the statutory maximum of 60 months.

We affirm his conviction, but reverse his sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

WORSWICK, C.J.

LEE, J.