[No. 42538-6-II.   Division Two.   September 24, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES TEWEE, *Appellant*.

966

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Anne M. Cruser, Deputy*, for respondent.

¶1 JOHANSON, J. — Charles Tewee appeals his first degree child molestation conviction following a jury trial and his sentence. Tewee argues that (1) the trial court improperly included Tewee's foreign conviction in calculating his offender score, (2) the police detective's testimony violated the "hue and cry" doctrine, (3) the trial court abused its discretion in admitting hearsay statements from the victim's counselor under the medical treatment exception in ER 803(a)(4), and (4) the State produced insufficient evidence to support the abuse of trust aggravating sentencing factor. In his statement of additional grounds (SAG), Tewee also argues that the trial court erroneously calculated his offender score without proof of his prior convictions and that the victim's testimony was not credible.

¶2 In the published portion of this opinion, we hold that the trial court improperly found Tewee's foreign conviction comparable to a Washington conviction. In the unpublished portion of this opinion, we hold that (1) Tewee failed to preserve for review the "hue and cry" and medical treatment hearsay arguments, (2) credibility issues are for the jury, and (3) the State produced sufficient evidence to support the abuse of trust aggravating factor and the existence of the prior convictions. Accordingly, we affirm the conviction, reverse in part, and remand for resentencing.

## COMPARABILITY OF OREGON CONVICTION UNDER FORMER OREGON REVISED STATUTE (ORS) SECTION 164.135 (2001)

¶3 In September 2010, the State charged Tewee with first degree child rape and first degree child molestation.

The jury acquitted Tewee of first degree child rape. But it found him guilty of first degree child molestation and also found that he misused a trust relationship to gain access to the victim, AB.[1] Before sentencing, the State filed a memorandum regarding Tewee's offender score and attached copies of court records of Tewee's prior convictions and a declaration of criminal history listing Tewee's prior convictions. Tewee did not stipulate to prior convictions or to an offender score. The trial court counted offender score points for several convictions and found Tewee's offender score to be nine. Also at sentencing, the trial court found Tewee's Oregon conviction for unauthorized vehicle use, former ORS § 164.135, comparable to Washington's taking a motor vehicle without permission offense, and entered an exceptional sentence. Former RCW 9A.56.070(2)(a) (2002). Tewee appeals.

¶4  Tewee argues that the trial court erred in finding that his Oregon conviction for unauthorized vehicle use was comparable to the Washington crime of taking a motor vehicle without permission. We hold the two offenses are not legally or factually comparable because the Oregon conviction involved a "permissive" taking that is not recognized in Washington. We remand for resentencing.

I. STANDARD OF REVIEW

¶5  We review a sentencing court's calculation of an offender score de novo. *State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). Where a defendant's criminal history includes out-of-state convictions, the court must classify the convictions "according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A-.525(3);[2] *State v. Ford*, 137 Wn.2d 472, 479, 973 P.2d 452 (1999) (quoting *State v. Wiley*, 124 Wn.2d 679, 683, 880

---

[1] We use initials to protect sexual assault victims' privacy.

[2] The statute has been amended several times since 2010, but the applicable language remains the same.

P.2d 983 (1994)). We also review this comparability determination de novo. *State v. Werneth*, 147 Wn. App. 549, 552, 197 P.3d 1195 (2008).

## II. Discussion

■ ■ ¶6 We employ a two-part test to determine a foreign offense's comparability. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007). First, we determine whether the foreign offense is legally comparable—whether the foreign offense's elements are substantially similar to the Washington offense's elements. *Thiefault*, 160 Wn.2d at 415. If so, the analysis stops here. But if the foreign offense's elements are broader or different from Washington's elements, precluding legal comparability, we determine whether the offense is factually comparable. *Thiefault*, 160 Wn.2d at 415. To do so, we determine whether the conduct underlying the foreign offense would have violated the comparable Washington statute. *Thiefault*, 160 Wn.2d at 415. In making our factual comparison, we may rely on facts in the foreign record that are admitted, stipulated to, or proved beyond a reasonable doubt. *Thiefault*, 160 Wn.2d at 415. We may review the defendant's conduct, as evidenced by the facts alleged in the charging document and proved beyond a reasonable doubt, to determine whether his conduct would have violated the comparable Washington statute. *See State v. Duke*, 77 Wn. App. 532, 535, 892 P.2d 120 (1995).

■ ¶7 Tewee's foreign offense occurred in December 2002. In 2002, in Washington, a person committed second degree taking of a motor vehicle without permission when

without the permission of the owner or person entitled to possession, [the person] intentionally takes or drives away any automobile . . . that is the property of another, or he or she voluntarily rides in or upon the automobile . . . with knowledge of the fact that the automobile . . . was unlawfully taken.

Former RCW 9A.56.070(2)(a) (2002).

¶8 In 2002, in Oregon, a person committed an unauthorized use of a motor vehicle when

(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle . . . without consent of the owner; or

(b) *Having custody of a vehicle . . . pursuant to an agreement* between the person or another and the owner thereof whereby the person or another is to perform for compensation a specific service for the owner . . . the person intentionally uses or operates it, without consent of the owner . . . or

(c) *Having custody of a vehicle . . . pursuant to an agreement* with the owner thereof whereby such vehicle . . . is to be returned to the owner at a specified time, the person knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time.

Former ORS § 164.135(1) (emphasis added).

¶9 We first compare the statutes' elements to determine whether the statutes are legally comparable. In Washington, a person commits the offense by (1) intentionally taking, driving away, or voluntarily and knowingly riding in (2) any automobile (3) that is the property of another (4) without the owner's permission. Former RCW 9A.56.070(2)(a).

¶10 In Oregon, a person commits the offense under former ORS § 164.135(1)(a) by (1) taking, operating, exercising control over, riding in, or otherwise using (2) another's vehicle (3) without the owner's consent. A person can also commit the offense under former ORS § 164.135(1)(b) by (1) intentionally using or operating (2) a vehicle (3) in his custody pursuant to an agreement with the owner to perform a specific compensated service (4) without the owner's consent. Also, a person can commit the offense under former ORS § 164.135(1)(c) by (1) knowingly retaining or withholding possession of (2) a vehicle (3) longer than the agreed upon time (4) when in his custody pursuant to an agreement to return it at a specified time (5) without the owner's consent. Thus, Oregon's elements are both broader

than and different from Washington's elements because Oregon's statute specifies the effect of agreements with the owner.

¶11 Therefore, we must perform a factual inquiry to determine whether Tewee's conduct leading to his Oregon conviction would have violated Washington's statute. According to the information filed, the Oregon prosecutor charged Tewee with "unlawfully and knowingly tak[ing] and operat[ing] a vehicle, to-wit: a Toyota 4-Runner, without the consent of the owner . . . contrary to the statutes in such cases made and provided." Clerk's Papers at 466. The indictment provided that Tewee and the vehicle's owner agreed that Tewee would return the vehicle but that Tewee retained possession of the vehicle for at least two days longer without the owner's consent. In his petition to enter a guilty plea, Tewee admitted that he intentionally retained possession of the 4-Runner in excess of the specifically agreed to time.

¶12 We conclude that Tewee's criminal actions that led to his Oregon conviction did not constitute Washington's taking of a motor vehicle without permission. In Washington, once a person obtains permission to use an automobile he cannot violate former RCW 9A.56.070(1) (1975)[3] even if he exceeds the scope of that permission. *State v. Clark*, 96 Wn.2d 686, 692, 638 P.2d 572 (1982). Because the indictment provided that Tewee obtained permission from the vehicle's owner, Tewee's Oregon conviction is not factually comparable to the Washington's taking a motor vehicle statute. Therefore, the trial court erred in reaching the opposite conclusion during sentencing. *See State v. Thomas*, 135 Wn. App. 474, 480 144 P.3d 1178 (2006), *review denied*, 161 Wn.2d 1009 (2007).

¶13 Because the trial court erred in finding that Tewee's Oregon conviction was comparable to a Washington taking a motor vehicle without permission conviction, it also erred

---

[3] *Clark* addressed the 1975 version of the statute. It was amended in 2002, but the applicable language remained consistent.

in adding a point to Tewee's offender score for that conviction. Therefore we remand for resentencing.[4]

¶14 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, C.J., and LEE, J. PRO TEM., concur.

Review denied at 179 Wn.2d 1016 (2014).

---

[4] On resentencing the trial court is free to compare the 2003 Oregon unauthorized use of a motor vehicle conviction to other Washington offenses. Tewee is entitled to a full resentencing on remand and the trial court has discretion to consider issues not raised at his initial sentencing or in this appeal. *State v. Davenport*, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007), *review denied*, 163 Wn.2d 1041 (2008). And at resentencing, "the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2).