# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 72766-4-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| CHARLENE EVA PRATT, ) | |
| ) | |
| Appellant. ) | FILED: March 2, 2015 |

TRICKEY, J. — A "to-convict" instruction for a third degree assault charge that fails to state that the assault must be intentional is not erroneous when the term "assault" itself includes the element of intent and the jury was given the definition of "assault."

## FACTS

In the early morning hours of May 29, 2013, Charlene Pratt was trying to gain access to the American Medical Response (AMR) office in Kelso, Washington, to get out of the rain. An AMR employee called its "Com-Center" and had police dispatched.[1] Kelso police responded to the call. Because of Pratt's combativeness and disheveled appearance, the police took her to the hospital for an evaluation under the involuntary treatment act, chapter 71.05 RCW.

At the hospital, Pratt continued to be combative, screaming and swearing at the staff. When the staff attempted to remove her clothing, Pratt warned them that someone was going to get hit. As Megan Kautz bent over her to help

---

[1] Report of Proceedings at 21-22.

remove her pants, Pratt cocked her right arm back and punched Kautz in the mouth with a closed fist. Kautz lip was red and puffy and swelled up right away.

Pratt was arrested and charged with third degree assault of a health care provider. A jury found Pratt guilty as charged.

Pratt appeals, contending the jury was improperly instructed on the third degree assault charge because the "to-convict" instruction omitted the necessity of finding intent, a necessary element of the charge. Pratt also contends that the trial court erred in not giving a self-defense instruction, miscalculated her offender score, and lacked authority to require her to pay her court appointed attorney fees.

## ANALYSIS

### "To-Convict" Instruction

Pratt first challenges the third degree assault "to-convict" instruction, claiming that it omitted an essential element of the charge by failing to require the State to prove that she "intentionally" assaulted Kautz. Pratt did not object at trial to the jury instruction she now challenges.

Generally, a defendant cannot challenge a jury instruction on appeal if he or she did not object to the instruction in the trial court. State v. Salas, 127 Wn.2d 173, 181, 897 P.2d 1246 (1995). However, a defendant can raise such an error for the first time on appeal if the instruction involved a manifest error affecting a constitutional right. A trial court's failure to instruct the jury as to every element of the crime charged violates due process. State v. Aumick, 126 Wn.2d

2

422, 429, 894 P.2d 1325 (1995). Thus, Pratt can raise the issue for the first time on appeal.

We review the adequacy of a challenged "to-convict" instruction de novo. State v. DeRyke, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003). Generally, the "to-convict" instruction must contain all the essential elements to the crime charged. State v. Lorenz, 152 Wn.2d 22, 31, 93 P.3d 133 (2004); State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997).

The elements of third degree assault are set forth in RCW 9A.36.031(1)(i):

> A person is guilty of assault in the third degree if he or she . . . [a]ssaults a nurse, physician, or health care provider who was performing his or her nursing or health care duties at the time of the assault.

Instruction 7, the "to-convict" instruction, states:

> To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about May 29, 2013, the defendant assaulted Megan Kautz;
> (2) That Megan Kautz was a health care provider,
> (3) That at the time of the assault Megan Kautz was performing her health care duties; and
> (4) That any of these acts occurred in the State of Washington.[2]

The jury was further instructed on the definition of assault. Instruction 8 states:

> An assault is an intentional touching or striking of another person that is harmful or offensive regardless of whether any physical injury is done to the person A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.[3]

---

[2] Clerk's Papers (CP) at 17.
[3] CP at 18.

Pratt contends that the "to-convict" instruction omitted the element of intent by failing to require the jury to find that Pratt "intentionally" assaulted Kautz. But case law recognizes that the term "assault" itself "adequately conveys the notion of intent" and, therefore, includes the element of intent. State v. Davis, 119 Wn.2d 657, 662-63, 835 P.2d 1039 (1992) (citing State v. Hopper, 118 Wn.2d 151, 158, 822 P.2d 775 (1992)). As the court explained in Hopper:

> The definition of "assault" is a willful act. This court has previously said that language alleging assault contemplates knowing, purposeful conduct. The word "assault" is not commonly understood as referring to an unknowing or accidental act. . . . Commentators support the view that the term "assault" includes the element of intent."

118 Wn.2d at 158-59 (citations and internal quotation marks omitted).

Pratt's reliance on Smith for the proposition that the jury was misinformed about all the elements in the "to-convict" instruction is not well taken. In Smith, the "to-convict" instruction actually misstated the elements of conspiracy to commit murder by stating the wrong crime as the underlying crime that the conspirators agreed to carry out. Instead of stating the underlying crime as the "crime of Murder in the First Degree," the instruction stated it as the "crime of Conspiracy to Commit Murder in the First Degree." Smith, 131 Wn.2d at 262.

Here, unlike the instruction in Smith, the "to-convict" instruction did not purport to list the specific elements of assault and misstate them. Rather, it simply required that the jury find that Pratt committed an act of third degree assault.

4

Self-Defense

On appeal, Pratt argues that the record contained ample evidence that she defended herself to prevent an offense against her person, i.e., she did not strike Kautz until Kautz touched her. Thus, she argues, the trial court erred in failing to instruct the jury on self-defense. A defendant has autonomy over the defense presented at trial. State v. Lynch, 178 Wn.2d 487, 492, 309 P.3d 482 (2013).

At trial, Pratt's attorney argued that she did not have the requisite intent because of her intoxication. If Pratt did not have the necessary intent to commit an assault because of her intoxication, she would not have been able to form the necessary intent to warrant the giving of a self-defense instruction.

So long as the instructions inform the jury of the elements of the offense and allow counsel to argue their theories of the case, a trial court is not required to instruct a jury in a more detailed fashion absent a request to do so. State v. Marhohl, 151 Wn. App. 468, 477, 213 P.3d 49 (2009), rev'd on other grounds by 170 Wn.2d 691, 246 P.3d 177 (2010). In fact it would arguably be error for the court to further instruct the jury in such circumstances. A defendant's right to present a full defense and to jury instructions on the defense theory of the case run in tandem with the defendant's constitutional right to control that defense. State v. Jones, 99 Wn.2d 735, 740-41, 664 P.2d 1216 (1983). Here, the defense did not advance a self-defense theory, the court's instructions set forth the elements of the crime, and the instructions allowed counsel to argue their theories of the case. The court did not err in not giving a self-defense instruction.

Offender Score

Pratt challenges her offender score on the grounds that the trial court improperly counted her 2004 conviction because it had washed out. This court reviews de novo a sentencing court's offender score calculation. State v. Tewee, 176 Wn. App. 964, 967, 309 P.3d 791 (2013), review denied, 179 Wn.2d 1016, 318 P.3d 280 (2014).

Although generally issues not raised in the trial court may not be heard for the first time on appeal, this does not apply to illegal sentences. State v. Moen, 129 Wn.2d 535, 543, 919 P.2d 69 (1996). "Illegal or erroneous sentences, however, may be challenged for the first time on appeal." State v. Nitsch, 100 Wn. App. 512, 519, 997 P.2d 1000 (2000). "[A] defendant cannot agree to punishment in excess of that which the Legislature has established." In re Personal Restraint of Goodwin, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). Thus, a defendant generally cannot waive a challenge to a miscalculated offender score. Goodwin, 146 Wn.2d at 874.

A conviction may wash out of the offender score. RCW 9.94A.525(2). Prior convictions for class C felonies are not included in an offender score if the offender spent five consecutive years in the community without committing an offense. RCW 9.94A.525(2)(c) provides:

> Except as provided in (e) of this subsection, class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

In re Personal Restraint of Call, 144 Wn.2d 315, 28 P.3d 709 (2001), is instructive. There, the defendant's offender score was incorrectly calculated as 10 rather than 8, because two prior convictions should have washed out. Call, 144 Wn.2d at 334. The incorrect offender score calculation resulted in increasing the standard range. Call, 144 Wn.2d at 334. The court held that remand for resentencing was required, because the sentence was based on an erroneous offender score. Call, 144 Wn.2d at 335. Both the defendant and the prosecutor overlooked the fact that two of the defendant's prior convictions should have washed out under former RCW 9.94A.360(2) (1999).

Similarly, here, the 2004 convictions should have washed out and not been included in Pratt's offender score. As in Call, this was an obvious error. Accordingly, we remand for resentencing for the trial court to determine the correct offender score.

Cost of Attorney

Pratt argues that the trial court lacked authority to order Pratt to pay the cost of court-appointed counsel. The initial imposition of court costs at sentencing is predicated on the determination that the defendant either has or will have the ability to pay. RCW 10.01.160(3). Here, the court issued a finding of fact, albeit contained in boilerplate language, that such was the case. RCW 10.01.160 authorizes a court to require an indigent defendant to pay for the recoupment of fees for court-appointed counsel, the court did not abuse its discretion. See State v. Smits, 152 Wn. App. 514, 519, 216 P.3d 1097 (2009).

7

Moreover, a challenge to a court imposed legal financial obligation at sentencing, cannot be appealed as matter of right because it is not a final judgment and the order to pay is conditional. State v. Hathaway, 161 Wn. App. 634, 651, 251 P.3d 253 (2011) (citing Smits, 152 Wn. App. 523).

## CONCLUSION

In conclusion, we affirm the conviction for third degree assault of a health worker, but remand to the trial court for resentencing.

Trickey, J

WE CONCUR:

Leach, J

Appelwick