# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46159-5-II |
| Respondent, | |
| v. | |
| CHARLES TEWEE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Charles Tewee appeals from his resentencing for a 2010 conviction of first degree child molestation. On remand, the sentencing court imposed the same sentence despite calculating his offender score to be 10, rather than 9 as it was calculated at his first sentencing. Tewee appeals the calculation of his offender score at 10, arguing that an extra point should not have been added because he was not on community custody at the time he committed the child molestation. Tewee's argument is based on the statutory definition of "offender" as it existed when he was previously sentenced to probation for two gross misdemeanor offenses, rather than the definition of "offender" as it existed when he committed the current offense. *Cf* former RCW 9.94A.030(34) (LAWS OF 2008, ch. 276, § 309) *with* former RCW 9.94A.030(31) (LAWS OF 2009, ch. 375, § 4).

We hold that the statutory definition of "offender" as it existed when Tewee committed the current offense controls. Because Tewee met that statutory definition of an "offender," meaning he was under "community custody" when he committed the current offense, we affirm.

FACTS

In December 2008, Tewee was sentenced on two counts of fourth degree assault, which were gross misdemeanor offenses. Part of Tewee's sentence for the gross misdemeanors was suspended for 48 months on conditions reflected in a "Conditions of Probation" attached to his judgment and sentence. Supp. Clerk's Papers (CP) at 149, 152. The conditions of Tewee's probation included that he "shall not violate any federal, state or local criminal laws," "shall be under the supervision of a Community Corrections Officer of the Department of Corrections and shall follow the conditions in this order and the rules imposed by the probation officer/Department of Corrections." Supp. CP at 152.

Tewee was convicted of his current offense of first degree child molestation,[1] committed between January 1, 2010 and February 28, 2010. At sentencing, the sentencing court imposed an exceptional sentence based on an aggravator that the jury found by special verdict. Tewee was sentenced to 220 months to life.

Tewee appealed. *State v. Tewee*, 176 Wn. App. 964, 309 P.3d 791 (2013). This court affirmed the conviction but remanded for resentencing, noting, "Tewee is entitled to a full resentencing on remand and the trial court has discretion to consider issues not raised at his initial sentencing or in this appeal." *Id.* at 970, 971 n.4.

On remand, the State sought to add one point to Tewee's offender score for Tewee having committed the current offense while on community custody for the two gross misdemeanor assault convictions. The sentencing court agreed and included in Tewee's offender score one point for

---

[1] RCW 9A.44.083.

being on community custody when he committed the current offense. Based on an offender score that included a point for committing the current offense when on community custody, the sentencing court imposed the same exceptional sentence as before—220 months to life. Tewee appeals.

ANALYSIS

Tewee argues that the sentencing court erred in adding a point to his offender score based on its finding that he was under community custody at the time he committed the current offense. Specifically, Tewee argues that the statutory definition of "offender" that was in place when he was sentenced on the two gross misdemeanor convictions did not include his status as a gross misdemeanor probationer. Therefore, because he was not an "offender" on community custody, the sentencing court erred in adding an extra point to his offender score. We disagree.

A.    LEGAL PRINCIPLES AND STATUTORY DEVELOPMENTS DEFINING "OFFENDER"

The Sentencing Reform Act (SRA), chapter 9.94A RCW, governs the sentences imposed by sentencing courts. *State v. Coombes*, 191 Wn. App. 241, 250, 361 P.3d 270 (2015), *review denied*, 185 Wn.2d 1020 (2016). Any sentence imposed pursuant to the SRA must be in accordance with the law that is in effect at the time when the current offense was committed. RCW 9.94A.345 ("Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed")[2]; *Coombes*, 191 Wn. App. at 250 ("The SRA provides that any sentence imposed under its authority must be in accordance with the law

---

[2] RCW 9.94A.345 was created as a new section in 2000, and became effective as of June 8, 2000. Laws OF 2000, ch. 26, § 2. This statute has not been amended since it was created.

in effect when the offense was committed"). We review a sentencing court's interpretation of the SRA de novo. *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011).

RCW 9.94A.525(19) provides, "If the present conviction is for an offense committed while the offender was under community custody, add one point. For purposes of this subsection, community custody includes community placement or postrelease supervision, as defined in chapter 9.94B RCW." This has been the law since before Tewee was sentenced on his two gross misdemeanor convictions.[3]

At the time Tewee committed his current offense, "community custody" was defined as "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence and served in the community subject to controls placed on the offender's movement and activities by the department." Former RCW 9.94A.030(5) (LAWS OF 2008, ch. 231, § 23) (effective August 1, 2009).[4] The definition of "offender," under RCW 9.94A.030, was

---

[3] Former RCW 9.94A.525(19) in effect at the time Tewee was sentenced on his two gross misdemeanors was subsequently amended, but the amendments do not affect the issue presented here. *See* LAWS OF 2008, ch, 231, § 3 (effective date June 12, 2008).

[4] In his brief, Tewee states that the definition of community custody has not changed since he was sentenced on his two misdemeanor convictions. He is correct to the extent that he meant that the definition of community custody has not changed in a manner material to this appeal, but the statutory definition has changed. The definition of "community custody" under the SRA when Tewee was sentenced on his two gross misdemeanor convictions stated:

> "Community custody" means that portion of an offender's sentence of confinement in lieu of earned release time or imposed pursuant to RCW 9.94A.505(2)(b), 9.94A.650 through 9.94A.670, 9.94A.690, 9.94A.700 through 9.94A.715, or 9.94A.545, served in the community subject to controls placed on the offender's movement and activities by the department. For offenders placed on community custody for crimes committed on or after July 1, 2000, the department shall assess the offender's risk of reoffense and may establish and modify conditions of

amended after Tewee was sentenced on his two gross misdemeanor convictions in 2008. It is

Tewee's contention that under the 2008 definition, he was not an "offender." Therefore, he could

not be considered under "community custody," when he was on probation in 2010 and committed

the current offense. Br. of Appellant at 5-6.

When Tewee was sentenced on his two gross misdemeanor convictions in 2008, "offender"

was defined as,

> [A] person who has committed a felony established by state law and is eighteen
> years of age or older or is less than eighteen years of age but whose case is under
> superior court jurisdiction under RCW 13.04.030 or has been transferred by the
> appropriate juvenile court to a criminal court pursuant to RCW 13.40.110.
> Throughout this chapter, the terms "offender" and "defendant' are used
> interchangeably.

Former RCW 9.94A.030(34) (LAWS OF 2008, ch. 276, § 309). But when Tewee committed the

current offense, "offender" was defined as,

> [A] person who has committed a felony established by state law and is eighteen
> years of age or older or is less than eighteen years of age but whose case is under
> superior court jurisdiction under RCW 13.04.030 or has been transferred by the
> appropriate juvenile court to a criminal court pursuant to RCW 13.40.110. In
> addition, for the purpose of community custody requirements under this chapter,
> "offender" also means a misdemeanor or gross misdemeanor probationer convicted
> of an offense included in RCW 9.94A.501(1) and ordered by a superior court to
> probation under the supervision of the department pursuant to RCW 9.92.060,
> 9.95.204, or 9.95.210. Throughout this chapter, the terms "offender" and
> "defendant" are used interchangeably.

---

community custody, in addition to those imposed by the court, based upon the risk
to community safety.

Former RCW 9.94A.030(5) (Laws OF 2008, ch. 276, § 309) (effective June 12, 2008). Current
RCW 9.94A.030(5) states: "'Community custody' means that portion of an offender's sentence of
confinement in lieu of earned release time or imposed as part of a sentence under this chapter and
served in the community subject to controls placed on the offender's movement and activities by
the department."

Former RCW 9.94A.030(31) (LAWS OF 2009, ch. 375, § 4).[5] Thus, the tension between these two definitions for the purposes of this appeal is that after Tewee was sentenced on his two gross misdemeanor convictions, but before he was sentenced on his current conviction, the legislature added the following sentence to the definition of "offender":

> In addition, for the purpose of community custody requirements under this chapter, "offender" also means a misdemeanor or gross misdemeanor probationer convicted of an offense included in RCW 9.94A.501(1) and ordered by a superior court to probation under the supervision of the department pursuant to RCW 9.92.060, 9.95.204, or 9.95.210.

Former RCW 9.94A.030(31) (LAWS OF 2009, ch. 375, § 4).

B.      TEWEE WAS AN "OFFENDER"

We hold that the outcome here is governed by RCW 9.94A.345, which requires sentences be imposed based on the law in effect when the current offense was committed. Therefore, the definition of "offender" at the time Tewee committed his current offense controls.

---

[5] The current definition states:

> "Offender" means a person who has committed a felony established by state law and is eighteen years of age or older or is less than eighteen years of age but whose case is under superior court jurisdiction under RCW 13.04.030 or has been transferred by the appropriate juvenile court to a criminal court pursuant to RCW 13.40.110. In addition, for the purpose of community custody requirements under this chapter, "offender" also means a misdemeanant or gross misdemeanant probationer ordered by a superior court to probation pursuant to RCW 9.92.060, 9.95.204, or 9.95.210 and supervised by the department pursuant to RCW 9.94A.501 and ** 9.94A.5011. Throughout this chapter, the terms "offender" and "defendant" are used interchangeably.

RCW 9.94A.030(35).

Here, the current offense for first degree child molestation occurred between January 1, 2010 and February 28, 2010. Accordingly, the sentencing court was required to impose a sentence that was in accordance with the law in effect between January 1, 2010 and February 28, 2010. RCW 9.94A.345; *Coombes*, 191 Wn. App. at 250. The law defining "offender" in effect between January 1, 2010 and February 28, 2010 defined "offender" as including "a misdemeanor or gross misdemeanor probationer." Former RCW 9.94A.030(31) (2009). Thus, at the time Tewee committed the current offense, he met the statutory definition of an "offender" because he was on probation for committing the two gross misdemeanors.[6]

As Tewee recognizes in his briefing, whether he met the statutory definition of "offender" is determinative of whether he was on "community custody" when he committed the current offense. Consequently, we hold that the sentencing court did not err in determining that Tewee was on community custody when he committed the current offense because he was serving a portion of his sentence as a gross misdemeanor probationer in the community, subject to the controls placed on his movement and activities by the Department of Corrections. Former RCW 9.94A.030(31) (2009) (defining "offender"); former RCW 9.94A.030(5) (2008) (defining "community custody").

---

[6] RCW 10.01.040 similarly supports this conclusion. It provides, "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed . . . while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act." RCW 10.01.040.

In the statutes at issue here, no contrary intention is expressly declared in the amendatory or repealing language.

No. 46159-5-II

The sentencing court added one point to Tewee's offender score because it concluded Tewee was under community custody at the time he committed the current offense. This was proper under RCW 9.94A.525(19) because the current offense was committed while Tewee was on community custody. Therefore, we hold that the sentencing court did not err, and we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.

8